HARRIS, J.
The issue in this case is whether the supplier’s notice to owner was in substantial compliance with the form prescribed by the legislature. The trial court found that it was not and dismissed the lien foreclosure action. We affirm.
Although there is perhaps a desire of those preparing industry forms to be creative, when the legislature has set out a form which it deems appropriate for the purpose there is simply no need to “reinvent the wheel.” The legislature directed that the notice to owner “must be in substantially” the form prescribed. The supplier contends that it met this requirement because the information provided in its notice was substantially the same information provided in the prescribed form. We believe, however, that the form itself is important and that the form utilized by the legislature better conveys the warnings required in order to justify a lien on the property of one not in privity.
In this case, the notice was not directed specifically to the owner; it was directed to the owner and contractor. This dilutes the importance of the notice as something that applies to the owner alone. Further, the term “IMPORTANT INFORMATION FOR YOUR PROTECTION” was omitted entirely from the notice. Finally, many of the important provisions prominently displayed in the statutory form were dramatically reduced in type size from that shown in the form and reproduced in the supplier’s notice as though they were footnotes.
AFFIRMED.
COBB and PETERSON, JJ., concur.